IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                      Plaintiff              )<br>                                                              )<br>         v.                                              )        Case No. 08-20055-KHV<br>                                                              )<br>Leonard Douglas "Doug" LaDuron; and  )<br>Mary Jo LaDuron, a/k/a Mary Jo Gault,   )<br>                                                              )<br>                      Defendants.         ) | |

## AGREED-UPON PROTECTIVE ORDER

This matter coming before the Court pursuant to the agreement of the United States and the defendants and the Court being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

(1) Each defendant is to treat as confidential all grand jury transcripts, all other grand jury documents, any other information designated by the United States as sensitive, and all documents and information provided by a defendant and designated as sensitive (hereinafter "Confidential Material"), provided or made available for use in preparing for trial of the instant case;

(2) Any person to whom any defendant or the United States discloses Confidential Material, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such;

(3) Each defendant, any person to whom any attorney for a defendant discloses Confidential Material, or any person to whom the United States discloses Confidential Material, shall not make any further disclosure of said Confidential Material, except as provided herein, absent further order of this Court;

(4) The Confidential Material, including all copies thereof, may be disclosed by an attorney for any defendant to another person only for the purpose of assisting said attorney in preparing a defense in the instant case, and may be disclosed by the attorneys for the United States only for the purpose of assisting the United States in preparing its prosecution or complying with its discovery obligations in the instant case.  Only as much of said materials as may be useful for such purpose may be disclosed by the attorneys for the United States or the attorneys for the defendants.  The attorneys for the defendants and those persons to whom they may disclose Confidential Material in accordance with this Order shall not make any copies of said material, reveal the contents of said material, or use the information contained therein, for any purpose other than preparing a defense in the instant case.  The persons to whom the United States may disclose Confidential Material in accordance with this Order shall not make any copies of said material, reveal the contents of said material, or use the information contained therein, for any purpose other than assisting the United States in preparing for prosecution or complying with its discovery obligations in the instant case.  Each defendant shall make all persons to whom the defendant discloses any Confidential Material, and the United States shall make all persons to whom it discloses any Confidential Material, aware of the terms and contents of this Order and the responsibility conferred upon those persons thereby.  The attorneys for the defendants shall not release from their custody or control any grand jury transcript, or any copy thereof, provided to the defendants by the United States for use in preparing for trial in the instant case;

(5) All Confidential Material, and any copies thereof, disclosed to any defendant shall be destroyed or returned to the attorneys for the United States at the earliest of: (1) the end of this case and any appeals; (2) such time as it is no longer necessary for the defendant to possess such material. In the event that any defendant elects to destroy any Confidential Material disclosed to that defendant rather than return it to the attorneys for the United States, the defendant shall certify in writing to the attorneys for the United States that such material has in fact been destroyed;

(6) This Order applies to certain records that the defendants have not yet had an opportunity to review, some of which were not obtained through the grand jury process or otherwise may not be covered by the provision of Rule 6(e) of the Federal Rules of Criminal Procedure; and

(7) Any party may seek to have certain documents or categories of documents excepted from the terms of this Agreed-Upon Protective Order. Each party will be available, on reasonable notice, to discuss problems which may arise under the Agreed-Upon Protective Order. This Agreed-Upon Protective Order does not prejudice the right of any party to seek the Court's permission to except particular documents or categories of documents from the terms of this Agreed-Upon Protective Order.

IT IS SO ORDERED this 6th day of May, 2008.

    s/ James P. O'Hara  
    James P. O'Hara  
    U.S. Magistrate Judge